**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Carlos Arriaga,<br><br>Plaintiff,<br><br>v.<br><br>Centurion of Arizona, et al.,<br><br>Defendants. | No. CV-20-00084-PHX-DJH (ESW)<br><br>**ORDER** |

This matter is before the Court on its own review.

On March 24, 2020, Plaintiff filed a pro se First Amended Complaint (Doc. 14) pursuant to 42 U.S.C. § 1983.  An Order (Doc. 15) issued on March 30, 2020 dismissing Defendant Arizona Department of Corrections and set deadlines for service of Defendants Centurion, Wesley, Bailey, and Carr.  Service was executed by Waiver of Service as to Defendants Bailey and Centurion (Docs. 16, 17).  An Answer was filed on behalf of Defendants Centurion of Arizona, LLC, Bailey, and Carr (Doc. 18) on June 15, 2020.  Service was returned unexecuted as to Defendant Wesley (Doc. 20). Plaintiff filed a "Motion to Order" (Doc. 23) requesting that Centurion be ordered to provide "addresses of nurse who treated me on 11/28/19 in SMU 1."  An Order (Doc. 28) issued denying Plaintiff's July 9, 2020 Motion, as Centurion had explained it its Response that it was "unaware of any nurse named 'Nurse Wesley' who worked at Plaintiff's Unit." (Doc. 24 at 2).

1 | Pursuant to Fed. R. Civ. P. Rule 4(m), service of process must be completed within ninety days of the filing of a complaint. Ninety days have passed since Plaintiff filed his First Amended Complaint (Doc. 14). As of the date of this Order, an Affidavit of Service has not been filed as to Defendant Wesley. Accordingly,

**IT IS ORDERED** that by **September 17, 2020** Plaintiff shall either file an Affidavit of Service or show good cause why this case should not be dismissed as to Defendant Wesley pursuant to Fed. R. Civ. P. 4(m).

Dated this 3rd day of September, 2020.

_____
Honorable Eileen S. Willett
United States Magistrate Judge