**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Carlos Arriaga,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Centurion of Arizona, et al.,<br><br>　　　　　Defendants. | No. CV-20-00084-PHX-DJH (ESW)<br><br>**ORDER AND<br>REPORT AND<br>RECOMMENDATION** |

**TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:**

On March 24, 2020, Plaintiff filed a pro se First Amended Complaint (Doc. 14) pursuant to 42 U.S.C. § 1983. On March 30, 2020, the Court screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915A(a) and ordered Defendants Centurion, Wesley, Bailey, and Carr to answer (Doc. 15 at 5). The Court further advised Plaintiff that "[i]f Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii)." (Id.)

Service was returned unexecuted as to Defendant Wesley (Doc. 20). Plaintiff filed a "Motion to Order" (Doc. 23) requesting that Centurion be ordered to provide "addresses of nurse who treated me on 11/28/19 in SMU 1." The Court denied Plaintiff's Motion, as

Centurion was "unaware of any nurse named 'Nurse Wesley' who worked at Plaintiff's Unit." (Doc. 24 at 2; Doc. 28).

On September 30, 2020, the Court ordered that Plaintiff either (i) file an affidavit of service or (ii) show cause no later than September 17, 2020 why the First Amended Complaint as to Defendant Wesley should not be dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m). (Doc. 30 at 2). Plaintiff timely responded to the Court's Order, stating: "Nurse Westlake should be substituted for Nurse Wesley. Nurse Westlake was the Nurse that was with Nurse Bailey the day of 11/28/2019." (Doc. 31). Plaintiff has abandoned his claim against Defendant Wesley and does not intend to serve Defendant Wesley. In addition, the time to do so has passed, and no affidavit of service has been filed.

**I. DISCUSSION**

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

As the Ninth Circuit Court of Appeals has explained, "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m) and *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995)). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.* The Ninth Circuit has found it "unnecessary, however, to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," noting "only that, under the terms of the rule, the court's discretion is broad." *Id.* at 513. Yet "no court has ruled that the discretion is limitless. In making extension decisions under Rule 4(m) a district court *may* consider factors 'like a

statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (emphasis added).

If a pro se prisoner proceeding *in forma pauperis* has provided to the USMS sufficient information to effectuate service on a defendant, the USMS' failure to effect service is "automatically good cause" to extend the service deadline. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States,* 902 F.2d 598, 603 (7th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). But where a prisoner fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court's sua sponte dismissal of the unserved defendant(s) is appropriate. *Id*.

In this case the Court gave the Plaintiff the opportunity to show good cause why Defendant Wesley should not be dismissed from the lawsuit for failure to timely serve. The Plaintiff responded to the Court's Order, requesting that Defendant Wesley be substituted with another individual. Plaintiff did not request additional time to serve Defendant Wesley. It is not the Court's role to assist Plaintiff in naming the correct individual to sue. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants."); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (federal "judges have no obligation to act as counsel or paralegal to *pro se* litigants") (italics in original); *Barnes v. United States,* 241 F.2d 252 (9th Cir. 1956) (noting pro se litigant does not have rights that a represented litigant does not have). Dismissal of Defendant Wesley without prejudice is appropriate under these circumstances. The undersigned recommends that the Court dismiss Plaintiff's First Amended Complaint as to Defendant Wesley without prejudice for failure to timely serve pursuant to Fed. R. Civ. P. 4(m).

Plaintiff requests that the Court substitute a new individual, Nurse Westlake, for Defendant Wesley. No "Nurse Doe" Defendant was named in Plaintiff's First Amended Complaint. Fed. R. Civ. P. 25 governs the substitution of parties in a civil lawsuit. Plaintiff has not alleged the death of a party, incompetency, a transfer of interest or a public officer's

separation from office. None of the circumstances for which substitution of a party is appropriate as set forth in Rule 25 are present in this case. Plaintiff's request will be denied. Should Plaintiff wish to name Nurse Westlake as a party, the appropriate mechanism to attempt to do so is a properly filed, timely motion to amend the First Amended Complaint. Plaintiff's motion to amend must comply with Fed. R. Civ. P. 15 and LRCiv 15.1(a). Plaintiff must attach to his motion a proposed Second Amended Complaint which "must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading…." LRCiv15.1(a). The Court's deadline, as set forth in the Scheduling Order issued pursuant to LRCiv 16.2(b)(2)(B)(ii), for filing a motion to amend was August 31, 2020 (Doc. 21 at 4).

**II. CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's request to substitute Nurse Westlake for Defendant Wesley (Doc. 31).

**IT IS FURTHER RECOMMENDED** that the Court dismiss without prejudice Defendant Wesley from Plaintiff's First Amended Complaint (Doc. 14) for failure to serve pursuant to Fed. R. Civ. P. 4(m).

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual

determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v.Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 6th day of November, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge