# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Carlos Arriaga, | No. CV-20-00084-PHX-DJH (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Request to Substitute Nurse Westlake for Defendant Wesley (Doc. 31) and the November 6, 2020, Report and Recommendation ("R&R") issued by Magistrate Judge Eileen S. Willett (Doc. 35). In her R&R, Magistrate Judge Willett recommends this Court dismiss Defendant Wesley for failure to serve pursuant to Federal Rule of Civil Procedure 4(m), and deny Plaintiff's request to substitute "Nurse Westlake" for Defendant Wesley (Doc. 35). Magistrate Judge Willett gave the parties 14 days to file specific written objections with this Court. (*Id.* at 4). She also cautioned that "[f]ailure to file timely objections may result in the acceptance of the Report and Recommendation by the District Court without future review." (*Id.*)

Plaintiff filed a three-sentence Objection on December 10, 2020, in which he states, "Due to COVID-19 I was unable to get help. From the discovery I got the true name of Nurse Wesley. As such, I should be allowed to substitute." (Doc. 37). Plaintiff implies that the untimeliness of his Objection is due to being infected with COVID-19. Although unclear, the Court will assume these circumstances and excuse his late filing.

## I. Standard of Review

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R&R is only required when an objection is made to the R&R"). It is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

## II. Discussion

Plaintiff's sole objection to the R&R relates to Magistrate Willett's conclusion that the substitution of Nurse Westlake for Defendant Wesley was improper under Fed. R. Civ. P. 25. (Doc. 35 at 4). Judge Willett correctly found the none of the circumstances justifying substitution of a party in a civil matter existed, and explained that "Should Plaintiff wish to name Nurse Westlake as a party, the appropriate mechanism to attempt to do so is a properly filed, timely motion to amend the First Amended Complaint." (*Id.* at 4). Plaintiff suggests that discovery has borne out the true identify of a defendant. (Doc. 37). Judge Willett correctly explained the process by which Plaintiff may seek to add this defendant to his First Amended Complaint. Substitution, however, is not the proper remedy. Accordingly, this objection is overruled. The Court will adopt the R&R as the Order of this Court.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Magistrate Judge Willett's Report and Recommendation (Doc. 35) is **ACCEPTED** and **ADOPTED** as the Order of this Court. Plaintiff's request to substitute Nurse Westlake for Defendant Wesley (Doc. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Wesley is dismissed from Plaintiff's First Amended Complaint (Doc. 14) for failure to serve pursuant to Fed. R. Civ. P. 4(m).

Dated this 12th day of May, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge